IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TYRUS KING ALPHONSE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 4:20-CV-66 (LAG) |
| SCOTT LEKAN, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Before the Court is Plaintiff Tyrus King Alphonse's Voluntary Motion to Seal and Dismiss with Prejudice. (Doc. 17). Plaintiff filed this *pro se* action on April 3, 2020. (Doc. 1). The Court dismissed Plaintiff's Complaint without prejudice on December 9, 2020, for failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. (Doc. 15). Plaintiff now moves the Court to seal the entire record in this action, in ten other cases Plaintiff filed in this Court between November 2019 and January 2022,[1] and in two cases filed against him in state court in July and August 2019.[2] (Doc. 17 at 1). He asserts, among other things, that he mistakenly filed this case when "neither" his "mother, father, nor God ever told [him that he] was anything other than a 'citizen of heaven." (*Id.*). He further explains that this case and other cases he filed "have all caused an undue hardship in" the lives of his "family, heirs, etc." (*Id.*).

---

[1] *See Williams v. Miss. Dep't of Hum. Servs. Child Support Enf't*, No. 4:19-CV-186 (CDL) (M.D. Ga. 2019); *Williams v. U.S. Bank, LLC*, No. 4:19-CV-187 (CDL) (M.D. Ga. 2019); *Alphonse v. Prather*, No. 4:20-CV-52 (CDL) (M.D. Ga. 2020); *Alphonse v. Land*, No. 4:20-CV-58 (LAG) (M.D. Ga. 2020); *Alphonse v. USAA Alliance Servs.*, No. 4:20-CV-68 (LAG) (M.D. Ga. 2020); *Williams v. U.S. Dist. Ct. for the Middle Dist. of Ga.*, No. 4:22-CV-24 (CDL) (MSH) (M.D. Ga. filed Jan. 25, 2022); *Williams v. United States of Am.*, No. 4:22-CV-25 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. U.S. Postal Serv.*, No. 4:22-CV-26 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. Georgia*, No. 4:22-CV-27 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. Georgia*, No. 4:22-CV-28 (CDL) (MSH) (M.D. Ga. 2022).

[2] *See Cap. One Bank (USA), N.A. v. Williams*, No. SC19CV817 (Muscogee Cnty. State Ct. filed July 30, 2019); *Cavalry SPV I LLC ex rel. Synchrony Bank v. Williams*, No. SC 19 CV 973 (Muscogee Cnty. State Ct. filed Aug. 30, 2019).

"The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (citing *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam)). The "right of access 'establishes a general presumption that criminal and civil actions should be conducted publicly' and 'includes the right to inspect and copy public records and documents.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (alteration omitted) (citing *Chi. Trib. Co.*, 263 F.3d at 1311). When a party moves to seal "the entire record" of a case, as opposed to sealing only particular documents, "the common-law right of access demands" that the district court apply "heightened scrutiny." *Chi. Trib. Co.*, 263 F.3d at 1311 (citations omitted). Accordingly, sealing "the record of an entire case" requires the moving party to show that sealing "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Id.* (citations omitted). The hardships endured by Plaintiff and his family because of the filing of his lawsuits do not constitute a compelling interest.

Moreover, the Court cannot, as part of this case, seal the records in Plaintiff's other cases filed in this Court; and the Court lacks jurisdiction to seal the records of cases filed in state court. Accordingly, Plaintiff's Voluntary Motion to Seal and Dismiss with Prejudice (Doc. 17) is **DENIED**.

**SO ORDERED**, this 27th day of June, 2022.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**